*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0056**

State of Minnesota,
Respondent,

vs.

Huy Vu Le,
Appellant.

**Filed October 31, 2016
Affirmed
Kirk, Judge**

Dakota County District Court
File No. 19HA-CR-13-3156

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

Robert J. Shane, Shane Law Office, Minneapolis, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Bjorkman, Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant Huy Vu Le challenges the district court's denial of his pretrial motion to suppress evidence, asserting that a police officer's removal of an airmailed package from

an airport conveyor belt for purposes of a canine sniff constituted a seizure under the Fourth Amendment and that the officer lacked reasonable, articulable suspicion. We affirm.

## FACTS

On July 9, 2013, a FedEx employee contacted Officer Mark Meyer, a Minneapolis-St. Paul Airport Narcotics Investigator, regarding a suspicious package discovered at FedEx's airport facility. Based on his 15 years of training and experience in working parcel interdiction, Officer Meyer found the package to be suspicious. Next, Officer Meyer placed the package with 15-20 other packages and allowed Brio, a trained narcotics-detection dog, to inspect the packages. Brio alerted to the presence of narcotics in the package. Officer Meyer obtained a search warrant for the package and discovered that it contained marijuana starter plants. Officers conducted a controlled delivery, and appellant assumed custody of the package. After additional investigation, officers obtained and executed a search warrant for appellant's residence where they discovered a marijuana grow operation.

Appellant was charged with one count of third-degree controlled-substance crime and one count of fifth-degree controlled-substance crime. Appellant moved to dismiss based on lack of probable cause and to suppress the evidence, which the district court denied. Next, appellant stipulated to the prosecution's case to obtain appellate review of the district court's denial of appellant's motion to suppress. *See* Minn. R. Crim. P. 26.01, subd. 4. By agreement of the parties, the third-degree controlled-substance charge was dismissed. The district court found appellant guilty of fifth-degree controlled-substance crime. This appeal follows.

2

## DECISION

In reviewing the district court's order on a motion to suppress evidence, an appellate court reviews the court's legal determinations de novo and its factual findings for clear error. *State v. Milton*, 821 N.W.2d 789, 798 (Minn. 2012).

Appellant argues a seizure occurred when Officer Meyer removed appellant's package from the airport conveyor belt for purposes of a canine sniff. In light of the Minnesota Supreme Court's holding in *State v. Eichers*, 853 N.W.2d 114 (Minn. 2014), we disagree and affirm the district court's order. Both the United States and Minnesota Constitutions protect the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; Minn. Const. art. I, § 10. We will analyze these provisions together because the United States and Minnesota Constitutions share identical language and appellant does not assert that the Minnesota Constitution provides greater protection here. *Eichers*, 853 N.W.2d at 118-19 (citation omitted). "Thus, to determine if there was an unreasonable seizure, we must first determine whether the package was seized by [Officer] Meyer when he removed it from the airport conveyor belt and detained it for a dog sniff." *Eichers*, 853 N.W.2d at 119. "If the package was not seized, further analysis of whether the detention was unreasonable is not required." *Id.*

Here, the facts at issue are indistinguishable from those presented in *Eichers*. The *Eichers* court concluded that the controlling test for whether there is a seizure is whether there is "meaningful interference with an individual's possessory interests in that

3

property," but that "dominion and control without a meaningful interference with a possessory interest is insufficient to establish a seizure." *Id.* at 120 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984)). The *Eichers* court determined that no seizure had occurred because there was no infringement on the defendant's right to a timely delivery or his interest in the carrier's custody of the package. *Id.* at 123.

Appellant argues this court should ignore "the issues of technical custody or delay in the delivery of the package" because they were not analyzed under *Jacobsen*. This argument misconstrues this court's function. *See State v. Ward*, 580 N.W.2d 67, 74 (Minn. App. 1998) ("[W]e are not in position to overturn established supreme court precedent.") (citations omitted). Therefore, we conclude that no seizure occurred because there was no meaningful interference with appellant's possessory interests in the package. *Eichers*, 853 N.W.2d at 120. Because no seizure occurred, we need not address the remaining issue of reasonable, articulable suspicion.

**Affirmed.**

4